## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **Gene Melton,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:13cv1321 (GBL/TRJ) |
| | ) | |
| **Susan A. Ronan, et al.,** | ) | |
|     **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

This Matter comes before the Court upon review of plaintiff's complaint. Gene Melton, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, seeking monetary damages for the alleged harm caused by the court reporter during his sentencing. By Order dated November 22, 2013, the Court directed plaintiff to sign and file a Consent Form. Plaintiff has complied with the Court's Order. Now before the Court is plaintiff's Motion to Appoint Counsel, which will be denied, and two "amended complaints," which will be construed as motions to amend. Docket Nos. 7 & 17. Each motion is discussed below.

Motion to Appoint Counsel

A court may request an attorney to represent an indigent plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The Fourth Circuit, however, has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as cases with particularly complex factual and legal issues or with a litigant who is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). It is unnecessary at this time to appoint counsel for plaintiff, as plaintiff has made no showing of "exceptional circumstances" in his case that would warrant appointment of counsel. In addition, to date, plaintiff has ably filed his complaint and motions, as well as demonstrated comprehension of the procedures and laws of this Court. Thus,

plaintiff's request for the appointment of counsel will be denied, without prejudice to renewal at a later stage of the proceedings, if appropriate.

Motions to Amend

Plaintiff submitted two "amended complaints," construed as motions to amend. In his first Motion to Amend, docket no. 7, plaintiff seeks to add "claims which [he] neglected to send in his original complaint." Plaintiff seeks to add a First Amendment claim "for access to the Court" and a Fourteenth Amendment Due Process Claim. In total plaintiff states:

> Due to her negligence, it affected me on my appeal, and reduced [sic] my chances of winning my appeal. Article 7. All are equal before [sic] the law and are entitled without any discrimination the equal protection of the law. All are entitled to equal protection against any discrimination in violation of this declaration and against any incitement to such discrimination.

Motions to amend are committed to the discretion of the trial court. Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). In general leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15 (a), and a pro se litigant in particular "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Dluhos v. Floating & Abandoned Vessel Known as "New York," 162 F.3d 63, 69-70 (2nd Cir. 1998). On the other hand, a motion to amend warrants denial where there is "an apparent or declared reason [for doing so] - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of [the] amendment." Id. at 69 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Plaintiff's bare and conclusory statements fail to state a claim, and, as such, his first Motion to Amend will be denied.

In his second Motion to Amend, however, plaintiff seeks to bring to the Court's attention specific instances of how defendant allegedly altered his transcripts. As these are not conclusory

statements but factual allegations that he seeks to add to his original complaint, this Motion to Amend will be granted.

After careful review of plaintiff's complaint and amended complaint, it is clear that the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

## I. Factual Background

Plaintiff alleges that defendant Ronan, the court reporter at his criminal trial, sent his appellate counsel an inaccurate copy of his trial transcript. Compl. 4. Plaintiff alleges defendant "took out some things as well as put some things in my report." Id. Plaintiff argues that "this amounts to defendant withholding evidence."

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted

---

[1] Section 1915A provides:
    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

3

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Twombly, 550 U.S. at 555. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

### III. Analysis

Inmates have a right to meaningful access to the courts, which requires that individuals acting under color of state law cannot hinder an inmate in his efforts to pursue a legal claim. Bounds v. Smith, 430 U.S. 817, 822 (1977)); Lewis v. Casey, 518 U.S. 343 (1996); see also Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993). To state a claim for denial of access to the courts, plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). To make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).

Here, plaintiff provides nothing more than bare and conclusory allegations that defendant "lied" by omitting sections of his trial transcript and adding other sections. While plaintiff does

point to specific lines that he alleges are in error, these seem to at most be simple transcription errors. Further, some of the alleged "errors" are nothing more than plaintiff misreading the trial transcript. For example, at one point plaintiff complains that statements he did not make were added to the trial transcript but a review of these sections clearly show it was the Commonwealth's attorney speaking, not plaintiff. Compare handwritten compl. at 4 ("[P]age 13 look at line 16 and 17. It [sic] says, 'it is his 22nd felony conviction, as per the defendant,' this is not true, I never told the Judge that this is my 22nd felony, I told the Judge that this is my 10th felony.") (internal quotations added for clarity), with compl. attch. at 13 (quoting the Commonwealth's attorney as stating, "It is his 22nd felony conviction, as per the defendant."). Additionally, plaintiff does not state that he suffered an actual injury to any legal claim. See Jackson, 352 F. Supp. 2d. 679-80. As such, his conclusory complaint does not state a claim and will be dismissed.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITHOUT PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's Motion for Leave Proceed in forma pauperis (Docket # 3) be and is DENIED as moot.

---

[2] 28 U.S.C. § 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. Fed R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to plaintiff and to close this civil case.

Entered this ___21st___ day of ___February___ 2014.

                                                  /s/
                                    Gerald Bruce Lee
                                    United States District Judge

Alexandria, Virginia